## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ABRYANT D. WILLIAMS**                                    **CIVIL ACTION**

**VERSUS**                                                 **NO. 22-220**

**AMANDA TROSCLAIR et al.**                                **SECTION: "G"(3)**

## ORDER AND REASONS

This litigation arises from state court child support enforcement proceedings in the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana.[1] Pending before the Court is a Motion to Dismiss[2] filed by Defendant Amanda Trosclair ("Trosclair"), a hearing officer for the Twenty-Second Judicial District Court. Pro se Plaintiff Abryant D. Williams ("Plaintiff") opposes the motion.[3] For the reasons discussed in detail below, the Court finds that Plaintiff seeks to void a state court order of child support payments and compel Defendants to relitigate the child support enforcement proceedings. Therefore, this Court is barred from hearing Plaintiff's claims against Trosclair. Accordingly, considering the motion, the memoranda in support and opposition, the record, and the applicable law, the Court grants Trosclair's motion to dismiss and dismisses Plaintiff's claims without prejudice.

---

[1] *See* Rec. Doc. 1.

[2] Rec. Doc. 17.

[3] Rec. Doc. 24.

## I. Background

On January 31, 2022, Plaintiff filed this action under 42 U.S.C. § 1983, alleging that several Louisiana state employees and agencies violated his civil rights in the course of child support enforcement proceedings.[4] On May 2, 2022, Plaintiff filed an Amended Complaint.[5] Plaintiff named Hearing Officer Trosclair, Assistant District Attorney Mary T. Strahan ("Strahan"), Child Support Analyst Robert Trahan ("Trahan"), Minute Clerk Kendra Davis ("Davis"), the Louisiana Department of Child and Family Services ("DCFS"), and the State of Louisiana as Defendants (collectively, "Defendants").[6] Plaintiff asserts that all of the Defendants contributed to the events of the child support enforcement proceeding underlying his § 1983 claim.[7] Plaintiff avers that the child support enforcement hearing commenced on April 6, 2021 in a video conference.[8] Plaintiff alleges that Trosclair, the presiding official as hearing officer, halted the video hearing and ordered Plaintiff to appear at the courthouse for the Twenty-Second Judicial District Court.[9]

Plaintiff alleges that he was handcuffed upon arrival to the courthouse and told by Davis that he would be jailed if he did not sign the child support order.[10] Plaintiff further claims that law enforcement officers were sent to arrest him to enforce the child support orders in July 2021.[11] Plaintiff argues that the state child support order and attempts to enforce the order have violated

---

[4] Rec. Doc. 1.

[5] Rec. Doc. 8.

[6] Rec. Doc. 1.

[7] *Id.* at 2, 3, 11.

[8] Rec. Doc. 8 at 9.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 10.

his rights and the doctrine of preemption by attempting to unlawfully "extract money from him or his VA benefits."[12] Plaintiff alleges that Defendants' violated his due process rights through their "racist" and "aggressive and abusive treatment" at the courthouse on April 6, 2021.[13] Specifically, Plaintiff argues that the act of handcuffing him upon arrival to the Courthouse and compelling him to sign the order in order to avoid jail time constituted "overt racist aggression against the Plaintiff."[14] Plaintiff requests that this Court grant declaratory and injunctive relief from the state court enforcement proceedings.[15] Plaintiff also seeks punitive damages.[16]

On July 18, 2022, Trosclair filed the instant motion to dismiss.[17] Pursuant to Local Rule 7.5, any opposition to a motion was due eight days before the noticed submission date.[18] Thus, Plaintiff's opposition to Trosclair's Motion was due on August 2, 2022. Plaintiff filed an untimely opposition to the motion on August 30, 2022.[19] Nevertheless, considering Plaintiff's pro se status, the Court exercises its discretion to consider the untimely arguments made in opposition to the motion to dismiss. On September 7, 2022, Trosclair filed a reply memorandum in further support of her motion to dismiss.[20]

---

[12] *Id.* at 3, 9.

[13] *Id.* at 10.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 15.

[17] Rec. Doc. 17.

[18] EDLA Local Rule 7.5.

[19] Rec. Doc. 24.

[20] Rec. Doc. 25.

## II. Parties' Arguments

### A.   Trosclair's Arguments in Support of the Motion to Dismiss

Trosclair advances six arguments in support of her motion to dismiss.[21] First, Trosclair argues that the doctrine of judicial immunity bars Plaintiff's claims for damages.[22] Trosclair argues that judicial immunity applies to her actions as hearing officer because Louisiana law vests hearing officers with authority to "hear and make recommendations . . . on establishment and modification of [child support] . . . on the method of collection . . . [and] on enforcement of [child support]."[23] Trosclair contends that neither of the exceptions to the application of judicial immunity are present in this case, arguing that she acted within her grant of jurisdiction as the presiding officer over the child support enforcement action underlying Plaintiff's claim.[24] As such, Trosclair argues that she is entitled to judicial immunity.[25]

Second, Trosclair argues that Plaintiff's claims should be dismissed pursuant to the *Rooker-Feldman* doctrine.[26] Trosclair claims that the *Rooker-Feldman* doctrine applies to prevent collateral attacks on state court judgments brought by unsuccessful state court litigants.[27] Trosclair contends that Plaintiff "cannot circumvent" the doctrine by "casting [his complaint] in the form of a civil rights action."[28] Accordingly, Trosclair argues that this Court lacks subject matter

---

[21] *See* Rec. Doc. 17-1.

[22] *Id.* at 3–5.

[23] *Id.* at 4–5 (quoting La. R. S. 46:236.5(C)(1)(a-c)).

[24] *Id.*

[25] *Id.*

[26] *Id.* at 5.

[27] *Id.*

[28] *Id.* (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)).

4

jurisdiction to consider Plaintiff's present claim because it is a collateral attack on final state court orders requiring him to pay child support.[29]

Third, Trosclair argues that Plaintiff's claims should be dismissed pursuant to the *Younger* abstention doctrine.[30] Trosclair contends that Plaintiff's claims "would require this Court to issue relief either challenging orders and judgments that are not yet final, or otherwise interfering with ongoing state court enforcement proceedings."[31] Trosclair avers the present litigation interferes with the State of Louisiana's "strong interest in ensuring that Louisiana child support orders are enforced."[32] Additionally, Trosclair contends that Louisiana law provides adequate opportunity to raise constitutional challenges in state proceedings after a timely objection is made.[33] Thus, Trosclair argues that this Court should abstain from hearing Plaintiff's claims pursuant to the *Younger* abstention doctrine.[34]

Fourth, Trosclair avers that the domestic relations doctrine bars Plaintiff's claims.[35] Trosclair asserts that the domestic relations doctrine bars federal courts from "issuing or modifying 'a divorce, alimony, or child custody decree.'"[36] Trosclair claims that Plaintiff "seeks to have this Court declare that prior support orders cannot be satisfied out of his benefits" and thereby

---

[29] *Id.* at 6.

[30] *Id.* at 7.

[31] *Id.*

[32] *Id.* at 8.

[33] *Id.* at 9–10.

[34] *Id.* at 10.

[35] *Id.*

[36] *Id.* (citing *Saloom v. Texas Dep't of Family & Child Protective Servs.*, 578 Fed. App'x 426, 429–30 (5th Cir. 2014)).

"reconsider[] the state court's prior support determination."[37] Trosclair argues that the Court should dismiss Plaintiff's claims pursuant to the domestic relations exception to federal jurisdiction.[38]

Fifth, Trosclair contends that Plaintiff is not entitled to injunctive relief pursuant to both the Anti-Injunction Act[39] and § 1983.[40] Trosclair notes that Plaintiff requests injunctive relief in the Complaint.[41] Trosclair argues that the Anti-Injunction Act bars an injunction in this instance because it does not fall within any of the exceptions to the Act's prohibition on federal courts from enjoining state court proceedings.[42] Trosclair asserts that Congress has not expressly authorized § 1983 suits against judicial officers, neither has this case been removed to federal court, nor is there any judgment issued by this Court where an injunction is necessary to protect or effectuate.[43] Therefore, Trosclair argues that Plaintiff's claim should be dismissed because an injunction is prohibited under the above-mentioned statutory provisions.[44]

Finally, Trosclair argues that Plaintiff has failed to state a cognizable claim under Title VI.[45] Trosclair contends that "Title VI does not provide a cause of action against individual

---

[37] Id.

[38] Id.

[39] 28 U.S.C. § 2283.

[40] 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable.").

[41] Rec. Doc. 8 at 11.

[42] Rec. Doc. 17-1 at 11.

[43] Id.

[44] Id. at 12.

[45] Id.

defendants."[46] Thus, Trosclair asserts that Plaintiff cannot maintain a Title VI claim against Trosclair as an individual defendant.[47]

**B.**   ***Plaintiff's Arguments in Opposition to Trosclair's Motion to Dismiss***

Plaintiff asserts that all of Trosclair's arguments are preempted by the Supremacy Clause of the Constitution and the doctrine of field preemption.[48] Plaintiff avers that Congress's passage of the relevant provisions of Title 38 regarding Veteran's Benefits deprives state family courts of jurisdiction over veteran's benefit proceeds.[49] Plaintiff asserts that Defendants cannot claim judicial or absolute immunity, or the applicability of the *Younger* abstention doctrine or the *Rooker-Feldman* doctrine.[50] In addressing the *Younger* abstention doctrine, Plaintiff argues that "it is a complete waste of time to appeal an unconstitutional order from one prejudiced court to another."[51] Ultimately, Plaintiff argues that the doctrine of preemption and the Supremacy Clause of the Constitution foreclose all the arguments which Trosclair asserts in her motion to dismiss.[52]

**C.**   ***Trosclair's Arguments in Further Support of the Motion***

In reply, Trosclair points out that Plaintiff's opposition is untimely.[53] Trosclair contends that any individual capacity claims against her are barred by judicial immunity.[54] Trosclair argues

---

[46] *Id.*

[47] *Id.*

[48] Rec. Doc. 24 at 2.

[49] *Id.* at 5.

[50] *Id.* at 2.

[51] *Id.* at 5.

[52] *Id.*

[53] Rec. Doc. 25-2 at 1.

[54] *Id.* at 2.

that Plaintiff has failed to state a claim for injunctive relief.[55] Finally, Trosclair asserts that the Court should abstain from hearing Plaintiff's claims under the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, and the domestic relations exception.[56]

## III. Legal Standard

### A.   Legal Standard for a Rule 12(b)(1) Motion to Dismiss

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute."[57] It is a "first principle of jurisdiction" that a federal court must dismiss an action "whenever it appears that subject matter jurisdiction is lacking."[58] Accordingly, a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" it.[59] "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[60] This practice "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."[61] When opposing a 12(b)(1) motion, as at all other times, the party asserting jurisdiction bears the burden to prove that the Court has jurisdiction.[62]

---

[55] *Id.* at 3.

[56] *Id.* at 5–8.

[57] *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted).

[58] *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998) (citations omitted).

[59] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012).

[60] *Ramming v. United States*, 481 F.3d 158. 161 (5th Cir. 2001).

[61] *In re FEMA Trailer*, 668 F.3d at 287.

[62] *Ramming*, 281 F.3d at 161.

### B.       *Legal Standard for a Rule 12(b)(6) Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[63] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[64] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[65] "Factual allegations must be enough to raise a right to relief above the speculative level."[66] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[67]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[68] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[69] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[70] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[63] Fed. R. Civ. P. 12(b)(6).

[64] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[65] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[66] *Twombly*, 550 U.S. at 555.

[67] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[68] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[69] *Iqbal*, 556 U.S. at 678–79.

[70] *Id.* at 679.

statements" will not suffice.[71] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[72] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[73] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[74] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[75]

## IV. Analysis

Here, Plaintiff argues that Defendants cannot rely on judicial immunity, the *Rooker-Feldman* doctrine, or the *Younger* abstention doctrine to defeat his claim because of the doctrine of preemption.[76] Beyond such assertion, Plaintiff asserts no applicable law which requires this Court to ignore Trosclair's arguments that these doctrines apply. This Court finds that Plaintiff seeks to void a state court order of child support payments and compel Defendants to relitigate the child support enforcement proceedings. For the reasons discussed below, this Court is barred from hearing Plaintiff's claims against Trosclair.[77]

---

[71] *Id.* at 678.

[72] *Id.*

[73] *Id.*

[74] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[75] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[76] Rec. Doc. 8 at 11.

[77] The Court need not discuss other arguments raised by the parties on the grounds of Title VI or the doctrine of field preemption doctrine because it finds that it must decline to exercise jurisdiction for the reasons discussed in

### A. To the Extent Plaintiff Seeks to Attack a Final State Court Judgment Plaintiff's Claims Should be Dismissed Under the Rooker-Feldman Doctrine

Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction to review or modify the final decisions of state courts unless there is a federal statute that specifically permits such a review.[78] In *Rooker v. Fidelity Trust Co.*, the plaintiff filed suit in federal district court, claiming that the state court, in a case in which the plaintiff was a party, had given effect to a state statute alleged to be in conflict with the contract clause of the Constitution and the due process and equal protection clauses of the Fourteenth Amendment.[79] The Supreme Court held that "[i]f the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction."[80] The Supreme Court explained that the district court lacked jurisdiction because "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify the judgment for errors of that character."[81]

In *District of Columbia Court of Appeals v. Feldman*, two plaintiffs brought suit in federal court challenging the District of Columbia Court of Appeals' refusal to waive a court rule requiring District of Columbia bar applicants to have graduated from an accredited law school.[82] The Supreme Court held that the proceedings before the District of Columbia Court of Appeals were

---

this Order and Reasons.

[78] *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004).

[79] 263 U.S. 413, 414-15 (1923).

[80] *Id.* at 415.

[81] *Id.* at 416.

[82] 460 U.S. 462. 464-65 (1983).

judicial in nature and the district court lacked subject matter jurisdiction over their claims.[83] The Supreme Court found that district courts do not have jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional."[84] The Supreme Court articulated that the district court may not hear constitutional claims that are "inextricably intertwined" with the state court's final order.[85]

The Supreme Court has cautioned that the *Rooker-Feldman* doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[86] "Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions."[87] The Fifth Circuit has further designated that claims for damages under § 1983 are not barred under the *Rooker-Feldman* doctrine.[88]

The *Rooker-Feldman* doctrine precludes federal district courts from exercising appellate jurisdiction over final state-court judgments.[89] The Supreme Court has held that federal district

---

[83] *Id.* at 482.

[84] *Id.* at 486.

[85] *Id.* at 482 n.16.

[86] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).

[87] *Id.*

[88] *Mosley v. Bowie Cnty.*, 275 F. App'x 327, 329 (5th Cir. 2008).

[89] *Miller v. Dunn*, 35 F.4th 1007, 1010 (5th Cir. 2022).

courts "lack appellate jurisdiction to review, modify, or nullify *final* orders of state courts."[90] The doctrine applies where: 1) the plaintiff loses in the state court proceeding, 2) the plaintiff's complaint alleges the state court judgment causes an injury, 3) the judgment was rendered before federal proceedings commenced; and 4) the plaintiff seeks review and rejection of the state court judgment.[91] Notably, "*Rooker-Feldman* is inapplicable where a state appeal is pending when the federal suit is filed."[92]

In *Griffin v. Am. Zurich Ins. Co.*, the Fifth Circuit affirmed the district court's order dismissing the plaintiff's claims that 38 U.S.C. § 5301 protects veteran's benefits from an order of garnishment to satisfy a child support obligation.[93] The plaintiff sued several Texas state officials involved in the child support enforcement proceedings and the district court dismissed his claims against those defendants on the grounds of sovereign immunity, qualified immunity, and the *Rooker-Feldman* doctrine.[94] The Fifth Circuit held that dismissal of a plaintiff's claims for punitive damages and injunctive relief from a state court final judgment was proper because the complaint "merely attempts to challenge a state court decision under the guise of federal claims."[95]

Here, Plaintiff asserts the same claim as the plaintiff in *Griffin*. Plaintiff argues that the state cannot compel an individual to pay child support from veteran's benefit proceeds.[96] However,

---

[90] *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (emphasis added).

[91] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

[92] *Miller*, 35 F.4th at 1012.

[93] 697 F. App'x 793, 798 (5th Cir. 2017).

[94] *Id.*

[95] *Id.*

[96] *See* Rec. Doc. 8 at 2.

it is not clear from the allegations advanced in the pleadings whether the state order at issue is a final judgment or if the proceedings are ongoing. To the extent that prior state child support enforcement orders are final, the Court could not rule in Plaintiff's favor without overturning final judgments from a state court. Accordingly, to the extent the state court's judgments are final, the Court finds that all of Plaintiff's claims for against Trosclair are barred by the *Rooker-Feldman* doctrine because they are "inextricably intertwined" with the underlying final child support orders and enforcement decisions.

**B.**     ***To the Extent the State Court Proceedings are Ongoing This Court Abstains from Exercising its Jurisdiction over Plaintiff's Claims against Trosclair for which he Claims Injunctive and Declaratory Relief***

Alternatively, this Court lacks subject matter jurisdiction over the present claim under the *Younger* abstention doctrine. The *Younger* abstention doctrine applies where a federal court would be required to intervene in *ongoing* state proceedings.[97] A federal district court may abstain from hearing a claim under *Younger* when: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges."[98] Prior jurisprudence demonstrates that when the *Younger* doctrine is applied to suits stemming from the constitutionality of child support orders and enforcement proceedings, a party subject to a child support order is treated as a party to an open case that does not terminate until the child support order is fully discharged.[99]

---

[97] *Bice v. Louisiana Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012).

[98] *Id.*

[99] *See, e.g.*, *Agustin v. Cnty. Of Alameda*, 234 F. App'x 521, 522 (9th Cir. 2007); *Tindall v. Wayne Cnty. Friend of Ct.*, 269 F.3d 533, 538–40 (6th Cir. 2001).

In *Augustin v. County of Alameda*, a child support obligor sued state child support enforcement officials in federal court to set aside the child support enforcement action and order.[100] The Ninth Circuit stated that a state family court action against a child support obligor to collect child support payments was an ongoing proceeding that implicated important state interests.[101] Further, the court held that the state court proceedings provided the obligor with an adequate opportunity to litigate federal claims.[102] The Ninth Circuit also upheld the district court's outright dismissal of the case because the district court found the damages claims to be "plainly frivolous."[103]

Here, this suit meets the three criteria for *Younger* abstention. First, it appears that Plaintiff's child support obligation may be ongoing.[104] In the Amended Complaint, Plaintiff seeks declaratory and injunctive relief and punitive damages from the child support orders or other alleged retaliatory measures instituted by Defendants.[105] Plaintiff's claim anticipates further orders or prosecution for delinquent payments to enforce the outstanding support orders. Second, the State of Louisiana undoubtedly has an important state interest in conducting child support enforcement proceedings.[106] Lastly, Plaintiff had adequate opportunity to bring his due process challenge before the state district court in a contradictory hearing under the appropriate procedures

---

[100] *Augustin*, 234 F. App'x at 522.

[101] *Id.*

[102] *Id.*

[103] *Id.*

[104] *See id.*; *Marlett v. Heath*, 2018 U.S. Dist. Lexis 187410 at *6 (N.D. Tex. Oct. 23, 2018).

[105] Rec. Doc. 8 at 2, 11.

[106] *See* Rec. Doc. 17-1 at 7–8; *Delaney v. Dist. of Columbia*, 659 F. Supp. 2d 185, 194 (D.D.C. 2009) ("States have an overriding interest in ordering and enforcing child support obligations.").

provided by state law.[107] The child support determination and enforcement objection procedure provide obligors with the opportunity to raise constitutional challenges to the child support enforcement orders.[108]

Louisiana Revised Statute § 46:236.5(C)(6) provides that the objecting obligor is entitled to a contradictory hearing, allowed to present new evidence, and maintains the right to appeal the state district court judge's decision to the appropriate Louisiana intermediate appellate court.[109] The district court judge has the authority to "accept, reject, or modify in whole or in part the findings of the hearing officer."[110] Despite this, Plaintiff argues that an appeal through the state court would be "a complete waste of time."[111] This Court cannot accept Plaintiff's unparticularized assertion that the state court appellate process would unfairly prejudice him in contravention of the jurisprudence indicating that abstention under *Younger* is proper. If the Court does not abstain, it undercuts the central principles of comity and federalism that support the *Younger* doctrine.[112]

Although there is no binding Fifth Circuit precedent dictating this result, this Court finds ample persuasive support in jurisprudence from the Third, Sixth, Ninth, and D.C. Circuits.[113] To the extent that Plaintiff's claims involve ongoing state court proceedings in child support enforcement, this Court is compelled by *Younger* to abstain from hearing Plaintiff's claims for

---

[107] *See* La. Rev. Stat. § 46:236.5(C).

[108] *Id.*

[109] La. Rev. Stat. § 46:236.5(C)(6).

[110] *Id.*

[111] Rec. Doc. 24 at 5.

[112] *See Ohio Civ. Rts. Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626–27 (1986).

[113] *See, e.g.*, *Dixon v. Kuhn*, 257 F. App'x 553, 555 (3d Cir. 2007) (explaining that a party subject to a child support order is a party to an open case until the child support order is discharged); *Augustin*, 234 F. App'x at 522 (holding same); *Tindall*, 269 F.3d at 540 (holding same).

injunctive and declaratory relief.

### V. Conclusion

Considering the foregoing reasons,

**IT IS HEREBY ORDERED** that Trosclair's "Motion to Dismiss"[114] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Trosclair are **DISMISSED**

**WITHOUT PREJUDICE.**

**NEW ORLEANS, LOUISIANA** this   14th   day of September, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[114] Rec. Doc. 17.