UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABRYANT D. WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-220** |
| **AMANDA TROSCLAIR et al.** | **SECTION: "G"(3)** |

## ORDER AND REASONS

This litigation arises from state court child support enforcement proceedings in the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana.[1] Pending before the Court is a Motion to Dismiss[2] filed by Defendant Kendra Davis ("Davis"), a minute clerk at the Twenty-Second Judicial District Court. Pro se Plaintiff Abryant D. Williams ("Plaintiff") opposes the motion.[3] Considering the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the motion at this time and allows Plaintiff leave to file an Amended Complaint within fourteen days of this Order.

## I. Background

On January 31, 2022, Plaintiff filed this action under 42 U.S.C. § 1983, alleging that several Louisiana state employees and agencies violated his civil rights in the course of child support enforcement proceedings.[4] On May 2, 2022, Plaintiff filed an Amended Complaint.[5] Plaintiff

---

[1] *See* Rec. Doc. 1.

[2] Rec. Doc. 23.

[3] Rec. Doc. 24.

[4] Rec. Doc. 1.

[5] Rec. Doc. 8.

1

named Davis, Hearing Officer Amanda Trosclair ("Trosclair"), Assistant District Attorney Mary T. Strahan ("Strahan"), Child Support Analyst Robert Trahan ("Trahan"), the Louisiana Department of Child and Family Services ("DCFS"), and the State of Louisiana as Defendants (collectively, "Defendants").[6] Plaintiff asserts that all of the Defendants contributed to the events of the child support enforcement proceeding underlying his § 1983 claim.[7] Plaintiff avers that the child support enforcement hearing commenced on April 6, 2021 in a video conference.[8] Plaintiff alleges that Trosclair, the presiding official as hearing officer, halted the video hearing and ordered Plaintiff to appear at the courthouse for the Twenty-Second Judicial District Court.[9]

Plaintiff alleges that he was handcuffed upon arrival to the courthouse and told by Davis that he would be jailed if he did not sign the child support order.[10] Plaintiff further claims that law enforcement officers were sent to arrest him to enforce the child support orders in July 2021.[11] Plaintiff argues that the state child support order and attempts to enforce the order have violated his rights and the doctrine of preemption by attempting to unlawfully "extract money from him or his VA benefits."[12] Plaintiff alleges that Defendants violated his due process rights through their "racist" and "aggressive and abusive treatment" at the courthouse on April 6, 2021.[13] Specifically, Plaintiff argues that handcuffing him upon his arrival to the Courthouse and compelling him to

---

[6] Rec. Doc. 1.

[7] *Id.* at 2, 3, 11.

[8] Rec. Doc. 8 at 9.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 10.

[12] *Id.* at 3, 9.

[13] *Id.* at 10.

sign the order in order to avoid jail time constituted "overt racist aggression against the Plaintiff."[14] Plaintiff requests that this Court grant declaratory and injunctive relief from the state court enforcement proceedings.[15] Plaintiff also seeks punitive damages.[16]

On August 11, 2022, Davis filed the instant motion to dismiss.[17] On August 31, 2022, Plaintiff filed a timely response in opposition.[18]

## II. Parties' Arguments

### A. *Davis's Memorandum in Support of Motion to Dismiss*

Davis advances six arguments in support of her motion to dismiss.[19] First, Davis argues that the doctrine of judicial immunity bars Plaintiff's claims for damages.[20] Davis argues that absolute immunity applies to her actions as minute clerk operating under the directive of a judicial official.[21] Davis avers that "the only issue [P]laintiff raises with regards to Davis is that she purportedly told him, 'if he did not sign the child support paperwork, that he would go straight to jail.'"[22] Davis asserts that because minute clerks have no authority to place any individual in jail, the alleged statements she made to Plaintiff "could only be [made] at the request of the Hearing

---

[14] *Id.*

[15] *Id.*

[16] *Id.* at 15.

[17] Rec. Doc. 23.

[18] Rec. Doc. 24.

[19] *See* Rec. Doc. 23.

[20] Rec. Doc. 23-1 at 3–5.

[21] *Id.* at 2.

[22] *Id.* at 4 (quoting Rec. Doc. 8 at 9).

Officer, and therefore, were within Davis's judicial functions."[23] As such, Davis argues that she is entitled to judicial immunity.[24]

Second, Davis argues that Plaintiff's claims should be dismissed pursuant to the *Rooker-Feldman* doctrine.[25] Davis claims that the *Rooker-Feldman* doctrine applies to prevent collateral attacks on state court judgements brought by unsuccessful state court litigants.[26] Davis contends that Plaintiff "cannot circumvent" the doctrine by "casting [his complaint] in the form of a civil rights action."[27] Accordingly, Davis argues that this Court lacks subject matter jurisdiction to consider Plaintiff's present claim because it is a collateral attack on the state court orders requiring him to pay child support.[28]

Third, Davis argues that Plaintiff's claims should be dismissed pursuant to the *Younger* abstention doctrine.[29] Davis contends that Plaintiff's claims "would require this Court to issue relief either challenging orders and judgments that are not yet final, or otherwise interfering with ongoing state court enforcement proceedings."[30] Davis avers the present litigation interferes with the State of Louisiana's "strong interest in ensuring that Louisiana child support orders are enforced."[31] Additionally, Davis contends that Louisiana law provides adequate opportunity to

---

[23] *Id.*

[24] *Id.*

[25] *Id.* at 5.

[26] *Id.* at 4.

[27] *Id.* at 5 (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)).

[28] *Id.* at 6.

[29] *Id.*

[30] *Id.*

[31] *Id.* at 7.

raise constitutional challenges in state proceedings after a timely objection is made.[32] Thus, Davis argues that this Court should abstain from hearing Plaintiff's claims pursuant to the *Younger* abstention doctrine.[33]

Fourth, Davis avers that the domestic relations doctrine bars Plaintiff's claims.[34] Davis asserts that the domestic relations doctrine bars federal courts from "issuing or modifying 'a divorce, alimony, or child custody decree.'"[35] Davis claims that Plaintiff "seeks to have this Court declare that prior support orders cannot be satisfied out of his benefits" and thereby "reconsider[] the state court's prior support determination."[36] Davis argues that the Court should dismiss Plaintiff's claims pursuant to the domestic relations exception to federal jurisdiction.[37]

Fifth, Davis contends that Plaintiff is not entitled to injunctive relief pursuant to both the Anti-Injunction Act[38] and § 1983.[39] Davis notes that Plaintiff requests injunctive relief in his complaint.[40] Davis argues that the Anti-Injunction Act bars an injunction in this instance because none of the exceptions to the Act's prohibition on federal courts from enjoining state court

---

[32] *Id.* at 8–9.

[33] *Id.* at 9.

[34] *Id.*

[35] *Id.* at 9–10 (citing *Saloom v. Texas Dep't of Family & Child Protective Servs.*, 578 F. App'x 426, 429-30 (5th Cir. 2014)).

[36] *Id.* at 10.

[37] *Id.*

[38] 28 U.S.C. § 2283.

[39] 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable.").

[40] Rec. Doc. 23-1 at 10 (citing Rec. Doc. 8 at 11).

proceedings apply to the facts of this litigation.[41] Davis asserts that Congress has not expressly authorized § 1983 suits against judicial officers, this case has not been removed to federal court, and there is no judgment issued by this Court where an injunction is necessary to protect or effectuate.[42] Therefore, Davis argues that Plaintiff's claim should be dismissed because an injunction is prohibited under the above-mentioned statutory provisions.[43]

Finally, Davis argues that Plaintiff has failed to state a cognizable claim under Title VI.[44] Davis contends that "Title VI does not provide a cause of action against individual defendants."[45] Thus, Davis asserts that Plaintiff cannot maintain a Title VI claim against her as an individual defendant.[46]

B.  **_Plaintiff's Opposition to Davis's Motion to Dismiss_**

Plaintiff asserts that all of Davis's arguments are preempted by the Supremacy Clause of the Constitution and the doctrine of field preemption.[47] Plaintiff avers that Congress's passage of the relevant provisions of Title 38 regarding Veteran's Benefits deprives state family courts of jurisdiction over veteran's benefit proceeds.[48] Plaintiff re-asserts the arguments of the Amended Complaint that Defendants cannot claim judicial or absolute immunity, the *Younger* doctrine, or

---

[41] *Id.* at 11.

[42] *Id.*

[43] *Id.*

[44] *Id.* at 12.

[45] *Id.*

[46] *Id.*

[47] Rec. Doc. 24 at 2.

[48] *Id.* at 5.

the *Rooker-Feldman* doctrine.[49] In addressing the *Younger* abstention doctrine, Plaintiff argues that "it is a complete waste of time to appeal an unconstitutional order from one prejudiced court to another."[50] Ultimately, Plaintiff argues that the Supremacy Clause of the Constitution and the doctrine of preemption foreclose all the arguments which Davis asserts in her motion to dismiss.

### III. Legal Standard

#### A.     *Legal Standard for a Rule 12(b)(1) Motion to Dismiss*

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute."[51] It is a "first principle of jurisdiction" that a federal court must dismiss an action "whenever it appears that subject matter jurisdiction is lacking."[52] Accordingly, a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" it.[53] "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[54] This practice "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."[55] When opposing a 12(b)(1) motion, as at all other times, the party asserting jurisdiction bears the burden to prove that the Court has jurisdiction.[56]

---

[49] *Id.* at 2.

[50] *Id.* at 5.

[51] *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted).

[52] *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998) (citations omitted).

[53] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012).

[54] *Ramming v. United States*, 481 F.3d 158. 161 (5th Cir. 2001).

[55] *In re FEMA Trailer*, 668 F.3d at 287.

[56] *Ramming*, 281 F.3d at 161.

B. *Legal Standard for a Rule 12(b)(6) Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[57] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[58] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[59] "Factual allegations must be enough to raise a right to relief above the speculative level."[60] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[61]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[62] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[63] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[64] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[65] The complaint need not contain detailed factual allegations, but it

---

[57] Fed. R. Civ. P. 12(b)(6).

[58] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[59] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[60] *Twombly*, 550 U.S. at 555.

[61] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[62] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[63] *Iqbal*, 556 U.S. at 678–79.

[64] *Id.* at 679.

[65] *Id.* at 678.

must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[66] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[67] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[68] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[69]

### IV. Analysis

Davis moves to dismiss Plaintiff's claims against her pursuant to judicial immunity, the *Rooker-Feldman* doctrine, or the *Younger* abstention doctrine. Plaintiff argues that Defendants cannot rely on judicial immunity, the *Rooker-Feldman* doctrine, or the *Younger* abstention doctrine to defeat his claim because of the doctrine of preemption.[70] Beyond such assertion, Plaintiff asserts no applicable law which requires this Court to ignore Davis's arguments that these doctrines apply.

Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction to review or modify the final decisions of state courts unless there is a federal statute that specifically permits such a review.[71] In *Rooker v. Fidelity Trust Co.*, the plaintiff filed suit in federal district court, claiming that the state court, in a case in which the plaintiff was a party, had given effect to

---

[66] *Id.*

[67] *Id.*

[68] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[69] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[70] Rec. Doc. 8 at 11.

[71] *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004).

a state statute alleged to be in conflict with the contract clause of the Constitution and the due process and equal protection clauses of the Fourteenth Amendment.[72] The Supreme Court held that "[i]f the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction."[73] The Supreme Court explained that the district court lacked jurisdiction because "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify the judgment for errors of that character."[74]

In *District of Columbia Court of Appeals v. Feldman*, two plaintiffs brought suit in federal court challenging the District of Columbia Court of Appeals' refusal to waive a court rule requiring District of Columbia bar applicants to have graduated from an accredited law school.[75] The Supreme Court held that the proceedings before the District of Columbia Court of Appeals were judicial in nature and the district court lacked subject matter jurisdiction over their claims.[76] The Supreme Court found that district courts do not have jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional."[77] The Supreme Court articulated that the district court may not hear constitutional claims that are "inextricably intertwined" with the state court's final order.[78]

---

[72] 263 U.S. 413, 414–15 (1923).

[73] *Id.* at 415.

[74] *Id.* at 416.

[75] 460 U.S. 462. 464–65 (1983).

[76] *Id.* at 482.

[77] *Id.* at 486.

[78] *Id.* at 482 n.16.

The Supreme Court has cautioned that the *Rooker-Feldman* doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[79] "*Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions."[80]

The *Rooker-Feldman* doctrine precludes federal district courts from exercising appellate jurisdiction over final state-court judgments.[81] The Supreme Court has held that federal district courts "lack appellate jurisdiction to review, modify, or nullify *final* orders of state courts."[82] The doctrine applies where: 1) the plaintiff loses in the state court proceeding; 2) the plaintiff's complaint alleges the state court judgment causes an injury; 3) the judgment was rendered before federal proceedings commenced; and 4) the plaintiff seeks review and rejection of the state court judgment.[83] Notably, "*Rooker-Feldman* is inapplicable where a state appeal is pending when the federal suit is filed."[84]

This case is similar to *Griffin v. American Zurich Ins. Co.*[85] There, the Fifth Circuit affirmed the district court's order dismissing the plaintiff's claims that 38 U.S.C. § 5301 protects

---

[79] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).

[80] *Id.*

[81] *Miller v. Dunn*, 35 F.4th 1007, 1010 (5th Cir. 2022).

[82] *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (emphasis added).

[83] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

[84] *Miller*, 35 F.4th at 1012.

[85] 697 F. App'x 793 (5th Cir. 2017).

veteran's benefits from an order of garnishment to satisfy a child support obligation.[86] The plaintiff sued several Texas state officials involved in the child support enforcement proceedings and the district court dismissed his claims against those defendants on the grounds of sovereign immunity, qualified immunity, and the *Rooker-Feldman* doctrine.[87] The Fifth Circuit cited Supreme Court precedent holding that "§ 5301 does not protect veteran's benefits from order or garnishment based on a failure to pay child support."[88] The Fifth Circuit held that dismissal of a plaintiff's claims was proper because the complaint "merely attempt[ed] to challenge a state court decision under the guise of federal claims."[89]

Here, Plaintiff argues that the State cannot compel an individual to pay child support from veteran's benefit proceeds. To the extent that prior state child support enforcement orders are final, the Court could not rule in Plaintiff's favor without overturning final judgments of a state court. Accordingly, to the extent the state court's judgments are final, the Court finds that Plaintiff's claims alleging Defendants unconstitutionally garnished his veteran's benefits are barred by the *Rooker-Feldman* doctrine because they are "inextricably intertwined" with the underlying final child support orders. However, it is not clear from the allegations advanced in the pleadings whether the state order at issue is a final judgment or if the proceedings are ongoing. Therefore, the Court will grant Plaintiff leave to amend the Complaint to clarify this issue, if possible.

The Fifth Circuit has cautioned that genuine claims for damages under § 1983 are not barred under the *Rooker-Feldman* doctrine where those claims do not ask the Court to "review,

---

[86] *Id.* at 798.

[87] *Id.*

[88] *Id.* (citing *Rose v. Rose*, 481 U.S. 619, 630–34 (1987); *Mansell v. Mansell*, 490 U.S. 581, 587 (1989)).

[89] *Id.*

modify, or nullify" a final state court order.[90] In *Mosley v. Bowie County*, the Fifth Circuit held that the *Rooker-Feldman* doctrine barred consideration of the plaintiffs' claim that a state court child support judgment was void.[91] However, the Fifth Circuit determined that the plaintiffs could maintain a claim that "the defendants violated their constitutional rights in an effort to enforce the state child support judgment . . . because such claims do not ask the district court to 'review, modify, or nullify' a final order of a state court."[92] It is unclear to the Court whether Plaintiff is alleging that Defendants violated his constitutional rights in an effort to enforce the child support judgment.[93] Therefore, this Court finds it appropriate to deny Davis's motion to dismiss and to allow Plaintiff fourteen days from the date of this Order to amend his Complaint to cure these deficiencies, if possible. If Plaintiff fails to amend the Complaint, or if Plaintiff amends the Complaint and the amendments do not cure the deficiencies identified in this Order, Defendants are granted leave to file responsive motions if necessary. Considering these ambiguities, the Court will reserve ruling on the other issues identified by Davis until after the Amended Complaint is filed.

## V. Conclusion

Considering the foregoing reasons,

**IT IS HEREBY ORDERED** that Davis's "Motion to Dismiss"[94] is **DENIED.**

---

[90] *Mosley v. Bowie Cnty.*, 275 F. App'x 327, 329 (5th Cir. 2008).

[91] *Id.*

[92] *Id.*

[93] Plaintiff vaguely alleges that the act of handcuffing him upon arrival to the Courthouse and compelling him to sign the order to avoid jail time constituted "overt racist aggression against the Plaintiff." Rec. Doc. 8 at 10. However, he does not allege with sufficient particularity how this conduct could have violated his constitutional rights.

[94] Rec. Doc. 23.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend the Complaint within fourteen days of this Order to cure the deficiencies noted, if possible. If Plaintiff fails to amend the Complaint, or if Plaintiff amends the Complaint and the amendments do not cure the deficiencies identified in this Order, Defendants are granted leave to file responsive motions if necessary.

**NEW ORLEANS, LOUISIANA** this   21st   day of October, 2022.

*[Signature: Nannette Jolivette Brown]*

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**