UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ABRYANT WILLIAMS                                               CIVIL ACTION

VERSUS                                                          NO. 22-220

AMANDA TROSCLAIR et al.                                        SECTION: "G"

# ORDER

Pending before the Court are several motions to dismiss filed by Defendants Kendra Davis ("Davis"), Mary T. Strahan ("Strahan"), and the Louisiana Department of Children and Family Services ("DCFS").[1] In this litigation, Plaintiff Abryant Williams ("Plaintiff") alleges that several Louisiana state employees and agencies violated his civil rights in the course of child support enforcement proceedings.[2]

Plaintiff argues that any state child support order imposed on him violates his rights and the doctrine of preemption by attempting to unlawfully "extract money from him or his VA benefits."[3] Four of the named Defendants in this action have filed motions to dismiss.[4] In their individual motions, DCFS, Davis, Strahan, and Amanda T. Trosclair ("Trosclair") have argued that absolute or judicial immunity, *Rooker-Feldman*, and *Younger* abstention apply to bar this suit.

In an Order dated September 14, 2022, this Court determined that the *Rooker-Feldman*,

---

[1] Rec. Docs. 22, 23, 30.

[2] Rec. Doc. 8 at 1–5.

[3] *Id.* at 10.

[4] Rec. Docs. 17, 22, 23, 30.

*Younger* abstention, and judicial immunity doctrines bar Plaintiff's request for declaratory and injunctive relief from the state court enforcement proceedings.[5] In another Order dated October 21, 2022, this Court determined that Plaintiff cannot maintain his claims to vacate the state child support order because it sought to "review, modify, or nullify" a final state court order pursuant to the *Rooker-Feldman* doctrine.[6] However, the Court noted that Plaintiff may be able to maintain a genuine claim that "the defendants violated their constitutional rights in an effort to enforce the state child support judgment."[7] This Court further stated:

> It is unclear to the Court whether Plaintiff is alleging that Defendants violated his constitutional rights in an effort to enforce the child support judgment. Therefore, this Court finds it appropriate to deny Davis's motion to dismiss and to allow Plaintiff fourteen days from the date of this Order to amend his Complaint to cure these deficiencies, if possible. If Plaintiff fails to amend the Complaint, or if Plaintiff amends the Complaint and the amendments do not cure the deficiencies identified in this Order, Defendants are granted leave to file responsive motions if necessary. Considering these ambiguities, the Court will reserve ruling on the other issues identified by Davis until after the Amended Complaint is filed.[8]

Plaintiff has failed to amend the Complaint. Instead, Plaintiff filed a "Ex Parte Motion for Answer to Federal Question" in response to this Court's Order.[9] That "motion" states that he will not file a Second Amended Complaint because "[t]his Court already has everything needed" to decide on his claims and the pending motions to dismiss.[10] Plaintiff further reasserts his misconceived notions that the doctrine of preemption applies here to invalidate established

---

[5] Rec. Doc. 29 at 14, 16–17.

[6] Rec. Doc. 31 at 12–13.

[7] *Id.* at 13.

[8] Rec. Doc. 31 at 13.

[9] Rec. Doc. 32.

[10] *Id.* at 3.

jurisprudence binding upon this Court with respect to the review and nullification of final state court orders.[11] This Court has already rejected these arguments with respect to the review of the state child support orders.[12]

Considering Plaintiff's failure to comply with the directives of this Court to file a Second Amended Complaint and the reasoning of this Court's September 14, 2022 Order[13] and October 21, 2022 Order,[14] Plaintiff's claims are barred by the *Rooker-Feldman*, *Younger* abstention, judicial immunity, and/or absolute immunity doctrines. Accordingly,

**IT IS HEREBY ORDERED** that Davis's Motion to Dismiss[15] is **GRANTED**. Plaintiff's claims against Davis are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that DCFS's Motion to Dismiss[16] is **GRANTED**. Plaintiff's claims against DCFS are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Strahan's Motion to Dismiss[17] is **GRANTED**. Plaintiff's claims against Strahan are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's "Ex Parte Motion for Answer to Federal Question"[18] is **DENIED**.

---

[11] *See Murphy v. NCAA*, 138 S. Ct. 1461, 1479–80 (2018) ("Preemption is based on the Supremacy Clause, and that Clause is not an independent grant of legislative power to Congress.").

[12] Rec. Doc. 31 at

[13] Rec. Doc. 29.

[14] Rec. Doc. 31.

[15] Rec. Doc. 23.

[16] Rec. Doc. 22.

[17] Rec. Doc. 30.

[18] Rec. Doc. 32.

**NEW ORLEANS, LOUISIANA**, this  5th   day of December, 2022.

                                                                     **NANNETTE JOLIVETTE BROWN**
                                                                     **CHIEF JUDGE**
                                                                     **UNITED STATES DISTRICT COURT**